An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MARCUS SHEREEF MCNEAL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64076

**FILED**

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery with the use of a deadly weapon resulting in substantial bodily harm, attempted murder with the use of a deadly weapon, carrying a concealed firearm or other deadly weapon, and possession of a firearm by a felon. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

First, appellant Marcus Shereef McNeal contends that the district court abused its discretion by considering the State's motion in limine in violation of EDCR 3.20(a) because it was untimely and did not include an affidavit demonstrating good cause for the untimely filing.[1] We conclude that McNeal's contention is without merit. EDCR 3.20(a) states in part that "[u]nless otherwise provided by law or by these rules, all motions must be served and filed not less than 15 days before the date set for trial." EDCR 3.28 specifically applies to motions in limine and states

---

[1]The Honorable James M. Bixler, District Judge, presided over the hearing and ruled on the State's motion in limine. In this appeal, McNeal expressly points out that he is not challenging the district court's ruling on the merits of the State's motion.

14-15348

in part that "[a]ll motions in limine to exclude or admit evidence must be in writing and noticed for hearing not later than calendar call, or if no calendar call was set by the court, no later than 7 days before trial." The State filed its "Notice of Motion and Motion in Limine" more than 7 days before the start of the trial. According to the district court minutes, at the hearing on the motion, the district court stated that "[t]he Court does not think the State's late filing of the motion violated anything." We conclude that the district court did not abuse its discretion by considering the State's motion.

Second, McNeal contends that the district court abused its discretion by denying his motion for a mistrial after the State presented testimony from the victim on a subject previously prohibited by the district court. We disagree. According to McNeal, the State was allowed to introduce evidence that he "was involved with a group of individuals who were selling drugs, but not evidence that [he] personally sold drugs." After hearing arguments from counsel, the district court found that the State did not elicit "any comment with the intent to infer that [McNeal] was selling drugs," and that after the initial objection and subsequent bench conference, "questions posed by the State clarified that [McNeal] was not doing drugs." The district court denied McNeal's motion and informed defense counsel that "[y]ou're free on cross-examination . . . to reiterate again with this witness that he did not see your client involved in any hand-to-hand drug sales." We conclude that the challenged testimony was not improper and the district court did not abuse its discretion by denying McNeal's motion for a mistrial. *See Rose v. State*, 123 Nev. 194, 206-07, 163 P.3d 408, 417 (2007) (we review a district court's decision to deny a motion for a mistrial for an abuse of discretion).

Third, McNeal contends that the district court abused its discretion by overruling his hearsay objection to testimony pertaining to an anonymous note discovered near the crime scene by investigating officers. We disagree. A district court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). Here, the district court allowed the State to question Detective Marc Colon about the anonymous note only to the extent that it aided in the development of the investigation; the content of the note was not the subject of the State's direct examination, offered for the truth of the matter asserted, or admitted as an exhibit for the jury's consideration. We conclude that the district court did not abuse its discretion by overruling McNeal's objection to the State's line of questioning. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                   Cherry

---

[2]The fast track statement submitted by McNeal fails to comply with NRAP 3C(h)(1) because the footnotes are not "in the same size and typeface as the body of the brief," NRAP 32(a)(5). Counsel for McNeal is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).

cc: Hon. Michael Villani, District Judge
Anthony M. Goldstein
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A